1,THOMAS F. DALEY, Judge.
The plaintiff, Vayneary Williamson, has appealed the trial court’s grant of the defendant’s Exception of Prematurity. For the reasons that follow, we affirm.

FACTS:

The plaintiff sought treatment at West Jefferson Medical Center (WJMC). As she was leaving the facility, she was being pushed .in a wheelchair by a WJMC employee to the facility’s parking lot. While in route, a wheel fell off of the wheelchair, causing plaintiff to fall to the ground. Plaintiff filed suit against WJMC for injuries sustained in this incident. WJMC responded with an Exception of Prematurity, claiming that as a qualified healthcare provider under the Medical Malpractice Act (MMA), it was entitled to have this claim reviewed by a medical review panel. The trial court found that this incident came under the scope of the MMA and granted the exception. Plaintiff timely filed this appeal.
| JLAW AND DISCUSSION:
On appeal, the plaintiff contends that certain mechanical failure of medical equipment is-outside of the scope of R.S. 40:1299.41, et seq, the MMA. Plaintiff argues that given the facts of this case, ordinary negligence, rather than the MMA applies. The defendant responds that this incident occurred as the plaintiff was being transported during the process of her discharge and falls squarely under the parameters of the MMA.
The general rule is that any conduct by a hospital of which a patient, complains is within the scope of the MMA if it comes within the definitions .of the MMA, even if there are alternative theories of liability. Richard v. Louisiana Extended Care Centers, Inc., 2002-0978 (La.1/14/03), 835 So.2d 460. Any ambiguities in the MMA should be strictly construed against falling under the MMA because the MMA is in derogation of the rights of tort victims. Id.
■.R.S. 40:1299.47, provides that all malpractice claims against healthcare providers covered by the MMA shall be reviewed-by a rpedical review panel. R.S. 40:1299.41 A(8) defines malpractice as:
... any unintentional tort or any breach of contract based on health care or professional -services rendered, or which should'have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of. a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in -the training or supervision of health care providers,- or from defects *964 in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.
In Sewell v. Doctors Hospital, 600 So.2d 577, (La.1992), the Court held that an allegedly defective hospital bed did not fall under the purview of the MMA because there were no allegations of negligence on the part of the hospital. The Court went on to state that the legislature intended to exclude a healthcare provider’s liability for defective things “unless negligence by the healthcare |4provider caused the thing to be defective or unreasonably dangerous.” Id. at 579. In footnote 6, the Court stated that the healthcare provider would not be included under the MMA when the patient was injured in a fall because a bed collapsed from a “metallurgical defect, unless the provider caused the defect or knew or should have known of the defect and neglected to repair it.” Id. at 580.
In her petition, the plaintiff alleged that her injuries were caused by the negligence of the WJMC employee who failed to inspect the wheelchair and carelessly used the wheelchair to transport her. The plaintiff further alleged that WJMC was negligent for failing to inspect the wheelchair, carelessly allowing one of its employees to use the wheelchair when WJMC knew or should have known that it was unreasonably dangerous, and failing to properly maintain the wheelchair. In her amended petition, plaintiff alleged that her injuries were caused by a WJMC employee for “negligently failing” to repair the wheelchair and to insure that the wheelchair was in proper working condition pri- or to returning the wheelchair for use. The amended petition further alleged that plaintiffs injuries were caused by a WJMC employee for “negligently failing” to supervise the repair of the wheelchair. Clearly, plaintiff is alleging WJMC should have known of the defect in the wheelchair and that WJMC’s negligence caused the wheelchair to fail.
In Sewell, the Court set forth a three-prong test to determine whether the MMA or general tort law applies in a case. The Court expanded on these factors in Coleman v. Deno, 2001-1517 (La.1/25/02), 813 So.2d 303. These factors are:
(1) whether the particular wrong is “treatment related” or caused by a dereliction of professional skill;
(2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached;
(3) whether the pertinent act or omission involved assessment of the patient’s condition;
(4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform;
ls(5) whether the injury would have occurred if the patient had not sought treatment; and
(6) whether the alleged tort was intentional.
Based on these factors we find that plaintiffs claim falls under the MMA. First, we find that the transportation of a patient in a wheelchair as the patient is being discharged from the facility is part of the overall treatment of the patient and is, therefore, “treatment related”. The next factor of whether expert medical evidence is needed in order to determine whether the standard of care was breached is less clear cut. In order to determine whether the standard of care was breached, the trier of fact will have to look to WJMC’s policies regarding the maintenance and inspection of equipment used to transport patients. Expert testimony as *965 to whether these procedures were appropriate and adhered to would be required to determine if the standard of care was breached. Kegarding the third factor of whether the conduct involved an assessment of the patient’s condition, we find that the hospital employee’s decision as whether to use a wheelchair to transport the plaintiff involved an assessment of her condition. Next, we find that transporting a patient in a wheelchair is within the scope of activities that a hospital is licensed to perform. As this incident would not have occurred had the plaintiff not sought treatment at WJMC, we find the fifth factor is met. And finally, the plaintiff concedes that the act was not intentional.
We note that at first impression, it would appear that the claim of a patient who is injured due to a wheel coming off of a wheelchair would not fall under the provisions of the MMA, however, we are bound by the broad interpretation of the MMA in our jurisprudence and as such find that plaintiffs claim falls under the provisions of the MMA. In addition to the Coleman factors being met, we reject plaintiffs contention that her claim, that there was a failure of the wheelchair caused by the hospital’s improper maintenance and repair of the wheelchair, falls under general negligence. Plaintiff cannot avoid the MMA by attempting to couch Ifiher claim in language that would fall outside of the MMA when the claim could also be phrased so that it fits within the definitions of the MMA. The conduct complained of must be handled under the MMA if it falls under the definitions of the MMA, even though alternative theories of liability may exist. Richard, supra.
Accordingly, the trial court correctly granted defendant’s Exception of Prematurity. For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.